UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 21-1151 JGB (SPx) | Date | September 7, 2021 |
|---|---|---|---|
| Title | *Amazing 34, LLC v. Kingsbrook Brokerage Service, Inc.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 18); (2) VACATING the September 13, 2021 Hearing (IN CHAMBERS)

Before the Court is a Motion to Remand filed by Plaintiff Amazing 34, LLC. ("Motion," Dkt. No. 18.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court GRANTS Plaintiff's Motion. The case is REMANDED to the Superior Court for the County of San Bernardino. The September 13, 2021 hearing is VACATED.

## I. BACKGROUND

On May 11, 2021, Plaintiff filed a complaint in San Bernardino County Superior Court against Defendants Mesa Underwriters Specialty Insurance Company ("MUSIC"), Risk Placement Services, Inc. ("Risk Placement"), Kingsbrook Brokerage Service, Inc. ("Kingsbrook") and Doe Defendants. ("Complaint," Dkt. No. 1-1.) Defendants removed on the basis of diversity jurisdiction on July 9, 2021. ("Notice of Removal," Dkt. No. 1.) Plaintiff's Complaint alleges negligence, breach of contract, and breach of the implied covenant of good faith and fair dealing arising out of an insurance contract. (Complaint.)

On July 30, 2021, Plaintiff filed the Motion. In support of its Motion, Plaintiff also requests judicial notice. ("Pl's RJN," Dkt. No. 18-2.) Defendants opposed the Motion on August 22, 2021. ("Opposition," Dkt. No. 24.) In support of the Opposition, Defendants also filed the following:

- Request for Judicial Notice ("Defs' RJN," Dkt. No. 25);
- Evidentiary Objections (Dkt. No. 26);[1]
- Supplement to the Opposition (Dkt. No. 27); and a
- Supplement to the Request for Judicial Notice (Dkt. No. 28).

Plaintiff replied on August 26, 2021. ("Reply," Dkt. No. 31.)

## II. REQUESTS FOR JUDICIAL NOTICE

Plaintiff requests judicial notice of the following:

- A printout of the business entity search of MUSIC from the Arizona Corporation Commission website, dated July 28, 2021;
- A copy of a Certificate of Compliance from the State of New Jersey, Department of Banking and Insurance, for MUSIC, dated December 31, 2020; and
- A copy of a Surplus Lines Certificate of Authority from the State of New Jersey, Department of Banking and Insurance, for MUSIC, dated January 1, 2012.

(Pl's RJN.) The Court finds that all of these documents constitute records on file with administrative agencies, and as such, are judicially noticeable. See Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001). Plaintiff's request is granted; notice is taken.

Defendants also request judicial notice. They request notice of:

- A document from the New York Division of Corporations showing Kingsbrook is a New York citizen (Exhibit 1);
- Copies of three different pages from MUSIC's website (Exhibits 2, 5, 9);
- A copy of the Selective Insurance Group, Inc.'s public website (Exhibit 6);
- A copy of the Arizona Corporation Commission's public website (Exhibit 3); and
- Three judicial records from other cases in which MUSIC alleges its principal place of business is in Arizona (Exhibits 4, 7, 8).

(Defs' RJN.) The Court finds Exhibits 1 and 6 to be records on file with agencies and thus noticeable. See Lee, 250 F.3d at 690-90. The Court also finds Defendants' other Exhibits to be noticeable. See Perkins v. LinkedIn Corp., 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (noting that publicly available website are proper subjects of judicial notice); see also In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011) (taking judicial notice of prior proceedings in federal and state courts).

## III. LEGAL STANDARD

---

[1] Defendants' objections are DENIED.

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## IV.  DISCUSSION

Section 1332 states that for the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c) (emphasis added). Plaintiffs seek removal based on the proposition that this statute says what it says. (Motion.)

The Notice of Removal alleges the following: MUSIC is a corporation with its principal place of business in Arizona; Kingsbrook is a corporation with its principal place of business in New York; and Plaintiff is a resident of New Jersey. (Notice of Removal ¶¶ 6-9.) These facts are not in meaningful dispute. However, as Plaintiff demonstrates in its request for judicial notice, MUSIC is incorporated in New Jersey. (Pl's RJN.) Defendants agree. (See Opposition 9, "MUSIC is an insurance company incorporated under New Jersey's law with headquarters in Arizona.") This ends the Court's inquiry, as the presence of New Jersey citizens on both sides of this case destroys complete diversity. Accordingly, as this suit contains no independent federal question, the absence of diversity requires remand.

In Opposition, Defendants quotes extensively from Hertz Corp. v. Friend, 559 U.S. 77, 85 (2010), in which the Supreme Court interprets the phrase "principal place of business," but does not interpret the phrase "state by which [a corporation] has been incorporated." Defendants also submit overwhelming evidence that MUSIC's principal place of business is in Arizona. (Id. 10-11.) None of this defeats the plain language of Section 1332. MUSIC is a citizen of both Arizona and New Jersey. Plaintiff is a citizen of New Jersey. The Court does not have subject matter jurisdiction over this case.

## V.   CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's Motion.  The case is REMANDED to the Superior Court for the County of San Bernardino.  The September 13, 2021 hearing is VACATED.  The clerk is directed to close this case.


**IT IS SO ORDERED.**